IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

JAN - 6 2010

| | |
|---|---|
| JON H. OBERG,<br><br>            Plaintiff,<br><br>v.<br><br>NELNET, INC., *et al.*,<br><br>            Defendants. | Civil Action No. 1:07cv0960 (CMH/JFA) |

## <u>RULE 16(B) SCHEDULING ORDER</u>

Pursuant to Fed. R. Civ. P. 16(b) and this court's December 16, 2009 Order, an initial pretrial conference was held in this matter on January 6, 2010. Upon consideration of the representations made by the parties in their Discovery Plan (Docket no. 171), and for the reasons discussed during the pretrial conference, the court makes the following rulings:

1. All discovery shall be concluded by June 11, 2010.

2. The final pretrial conference shall be continued until June 17, 2010 at 10:00 a.m.

3. The Discovery Plan filed by the parties is approved and shall control discovery to the extent of its application unless further modified by the court.

4. Fed. R. Civ. P. 26(a)(1) disclosures shall be completed by January 13, 2010.

5. Any motion to amend the pleadings or to join a party shall be made as soon as possible after counsel or the party becomes aware of the grounds for the motion.

6. Counsel shall continue to discuss the disclosure or discovery of electronically stored information, including the format in which electronically stored information is to be produced.

7. The plaintiff shall be limited to 30 non-party, non-expert depositions and each defendant shall have 5 non-party, non-expert depositions.

8. Expert disclosures shall be governed by the following schedule and Local Civil Rule 26(D): Initial expert disclosures as to any issue upon which a party has the burden of proof are due April 2, 2010. Responding disclosures are due May 3, 2010. Any rebuttal disclosures are due May 17, 2010. To the extent the parties wish to modify these deadlines, they must seek leave of court.

9. Counsel have informed their clients of their obligations regarding the preservation of discoverable information.

10. To the extent any party intends to assert a claim of privilege or protection as trial preparation material as to any other documents, any such claim must be made in a timely manner and in accordance with Fed. R. Civ. P. 26(b)(5).

11. Counsel may submit an agreed protective order concerning the disclosure of information between the parties in discovery, provided that such protective order does not provide for the filing of documents under seal.

12. Filings under seal are disfavored and discouraged. *See Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 575-76 (4th Cir. 2004). Any motion to file a document under seal, including a motion for entry of a protective order containing provisions for filing documents under seal, must comply with Local Civil Rule 5 and must be noticed for a hearing in open court. The motion must state sufficient facts supporting the action sought, and each proposed order must include specific findings.

13. A paper copy of any non-dispositive motion and all papers relating to the motion shall be **delivered directly to the chambers of the undersigned magistrate judge** upon filing. *See* ECF Policies and Procedures, Alexandria Courtesy Copy Information.

14. All motions, except for summary judgment, shall be noticed for a hearing on the earliest possible Friday before the final pretrial conference. Ten working days' notice is required for motions to dismiss, for summary judgment and for judgment on the pleadings. **A non-dispositive motion must be filed by 5:00 p.m. the Friday before the Friday for which it is noticed, with a response due by 5:00 p.m. the Wednesday before the hearing. This order and Local Civil Rule 7 modify the time periods for the notice and briefing of motions under Fed. R. Civ. P. 6(c) and 56(c).** All motions must contain a statement that a good-faith effort to narrow areas of disagreement has been made in accordance with Local Civil Rule 7(E) and Local Civil Rule 37(E) for discovery motions.

15. All Fed. R. Civ. P. 12 issues shall be raised in one pleading unless leave of court is first obtained. All summary judgment issues shall be presented in the same pleading unless leave of court is first obtained.

16. All motions must adhere to the page limits set in Local Civil Rule 7(F)(3). No pleading shall be in type less than ten (10) pitch or twelve (12) point.

17. Disclosures under Fed. R. Civ. P. 26(a)(1) and (2), notices of depositions, interrogatories, requests for documents and admissions, and answers thereto shall not be filed except on order of the court, or for use in a motion or at trial.

18. In the event this case is tried before a jury, each party shall file their proposed jury instructions and voir dire five (5) business days prior to trial in accordance with Local Civil Rule 51. Violation of this Rule will constitute a waiver of objections to any instructions given.

In the event the case is tried without a jury, counsel shall file written proposed findings of fact and conclusions of law prior to the beginning of trial.

19. A status conference has been scheduled for Wednesday, March 10, 2010 at 10:00 a.m. so that the court and the parties may further discuss issues related to the timing and scope of discovery.

Entered this 6th day of January, 2010.

/s/
John F. Anderson
United States Magistrate Judge

Alexandria, Virginia