UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

------------------------------------X
UNITED STATES OF AMERICA,           )
ex rel. JON H. OBERG,               )     FILED ELECTRONICALLY
                                    )
         Plaintiff,                 )
                                    )
    v.                              )
                                    )
NELNET, INC., et al.,               )
                                    )
         Defendants.                )     No. 1:07cv960 (CMH/JFA)
                                    )
                                    )
                                    )
                                    )
------------------------------------X



**STIPULATION AND [PROPOSED] ORDER**
**GOVERNING CONFIDENTIAL INFORMATION**

      **WHEREAS**, various parties and non-parties will be responding to discovery requests in this litigation (the "Litigation" or "Action");

      **WHEREAS**, the parties and certain non-parties desire that discovery provided in this litigation be subject to a confidentiality agreement;

      **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and among the undersigned attorneys for the respective parties hereto, subject to further order of the Court, that the following order governing confidential information (the "Order") shall govern the handling of documents and any deposition testimony, deposition exhibits, interrogatory

responses, admissions, and any other information produced or given by any party or non-party to any party in connection with the prosecution and defense of the Action.

**Definitions**

1. "Party" or "Parties" shall mean any defendant who has been named in the Action at any time, the United States, and Relator Jon H. Oberg.

2. "Producing Party" shall mean any Party or non-party producing documents or other information in the Action.

3. "Documents" shall mean anything that may be considered to be a document or tangible thing under the Federal Rules of Civil Procedure including, but not limited to: interrogatory answers served by any Party; responses to requests to admit served by any Party; documents produced by any Producing Party, whether pursuant to formal discovery or by informal agreement; transcripts of and exhibits to depositions taken in the Action; and any portions of any documents filed in the Action that quote from or summarize any of the foregoing documents.

**Designation of Documents**

4. A Producing Party may designate as "Confidential" such information as the Producing Party in good faith deems confidential, in accordance with Rule 26 of the Federal Rules of Civil Procedure, on the basis that such information constitutes a trade secret or other sensitive research, development or commercial information, employee or labor relations materials or personal information, a financial or business plan, data or projections; proposed plans and strategies, financial, trading, accounting, audit or tax information; competitive analyses; transcripts of testimony provided to governmental entities; or other commercially sensitive or proprietary information that would present a risk of negatively impacting its existing

or prospective commercial relationships or competitive position. (Documents that are designated as "Confidential" are hereinafter referred to as "Confidential Information.")

5. A Producing Party may, at its option, designate as "Highly Confidential" non-public communications with governmental representatives or entities, trade secrets, or other highly confidential information the disclosure of which the Producing Party determines in good faith would present a significant risk of competitive or commercial harm to the Producing Party. (Documents that are designated as "Highly Confidential" are hereinafter referred to as "Highly Confidential Information.")

6. Confidential Information and Highly Confidential Information shall not include unaltered copies of any documents in the public domain (as long as they did not become public in violation of this Protective Order), including, but not limited to, annual, quarterly, or other reports sent to shareholders, press releases, and public documents filed with the Securities and Exchange Commission ("SEC") or other regulatory body.

7. Designation of material as Confidential Information may be made by stamping or otherwise inscribing "Confidential" upon every page of the document that is confidential. Designation of material as Highly Confidential Information may be made by stamping or otherwise inscribing "Highly Confidential" upon every page of the document for which such designation is made. If a Producing Party inadvertently produces documents or other materials that it considers to be "Confidential" or "Highly Confidential" without such designation, the Producing Party may subsequently designate such documents or other materials as "Confidential" or "Highly Confidential" by delivering written notice of such designation to the other Parties. It shall not be deemed a violation of this Order to have disclosed information not designated Confidential Information or Highly Confidential Information that is subsequently so

designated if disclosure was made prior to such designation. Any failure of the Parties to designate Confidential Information as "Confidential," or Highly Confidential Information as "Highly Confidential," shall not be deemed a waiver of any claim of confidentiality that the Parties would otherwise be entitled to invoke against a person or entity who/which is not a Party (who has agreed to the undertaking in Exhibit A, hereto).

8. To the extent that matter stored or recorded in the form of electronic or magnetic media (including information, files, databases or programs stored on any digital or analog machine-readable device, computers, discs, networks or tapes) is produced in such form, the Producing Party may designate such material as Confidential or Highly Confidential by cover letter referring generally to such matter and by affixing (where possible) a label on the media or its casing indicating such designation.

9. In the event that non-parties produce Documents or information in connection with the Action, the Parties and all other persons subject to this Order agree that production by non-parties of such Documents or information shall be made subject to the provisions of this Order.

**Designation of Deposition Transcripts**

10. In the case of depositions, designation of the transcript or portion of the transcript (including exhibits) that contains Confidential Information or Highly Confidential Information shall be made by a statement by counsel to that effect on the record during the course of the deposition or by written notice, sent by counsel to all Parties within ten (10) calendar days after receiving a copy of the transcript thereof. All deposition transcripts shall be treated as Confidential within the meaning of this Order during the pendency of the 10-day period for giving written notice, unless and until such material has been designated as Highly Confidential,

in which case such material shall be treated accordingly. If a Confidential designation is made, either on the record at the deposition or by way of written notice as described above, the Court reporter shall be directed to affix the legend "Contains Confidential Information" on the cover page and the legend "Confidential" on all appropriate pages of the transcript and each copy thereof. If a Highly Confidential designation is made, either on the record at the deposition or by way of written notice as described above, the Court reporter shall be directed to affix the legend "Contains Highly Confidential Information" on the cover page and the legend "Highly Confidential" on all appropriate pages of the transcript and each copy thereof, and if necessary to forward a substitute copy of each such page to counsel for the Parties. The Parties may modify the above designation procedures for any particular deposition through agreement on the record at such deposition, without further order of the Court.

**Use of Confidential and Highly Confidential Information**

11. No Party, including a Party's agents, consultants, experts, deponents, witnesses and attorneys, receiving Confidential Information or Highly Confidential Information shall make use of any such Information for any purpose whatsoever other than the prosecution or defense of the Action, nor shall any such Information be disclosed by any such Party except as provided herein.

12. Confidential Information shall not be disclosed to anyone other than those persons identified in Paragraph 16, below. Highly Confidential Information shall not be disclosed to anyone other than those persons identified in Paragraph 17, below. All persons receiving Confidential Information or Highly Confidential Information shall be bound by the terms of this Order. If any person violates any of the terms hereof, the aggrieved Party may seek any appropriate relief in this Court.

13. To the extent that any Confidential Information or Highly Confidential Information is required to be filed with the Court, the parties shall comply with paragraph 12 of the Court's January 5, 2010 Rule 16(b) Scheduling Order (Doc. 174). The parties shall cooperate in setting briefing schedules for substantive motions to accommodate the need to file motions to seal.

14. Any Confidential Information or Highly Confidential Information that is designated by any Party may be offered into evidence in open court at trial unless the Producing Party obtains an appropriate protective order from the Court. Use of any Confidential Information or Highly Confidential Information in any court proceeding shall not waive the applicability of this Order as to such material. Parties using Confidential Information or Highly Confidential Information in open court shall use reasonable best efforts to minimize disclosure to persons not authorized to see such material pursuant to paragraph 16 or 17 below, respectively. In the event that an appellate motion or brief that contains Confidential Information or Highly Confidential Information is filed in the Action by any Party to this Stipulation and Order, such Party agrees to consult with the Producing Party concerning the use of such Confidential Information or Highly Confidential Information prior to making the appellate filing. If the parties are unable to reach an accord as to the use of such Confidential Information or Highly Confidential Information in the appellate filing, the Producing Party may seek an appropriate order from the appellate court. In any such motion, the Producing Party shall have the burden of establishing that the appellate brief or motion should be filed under seal.

**Challenges to Confidentiality Designations**

15. The Parties will attempt in good faith to raise and, if appropriate, challenge the Confidential or Highly Confidential designations of a Producing Party within thirty (30) days of

an allegedly improper designation, but this provision does not preclude challenges to designations at a later date for good cause shown. In the event a Party objects to a Confidential or Highly Confidential designation under this Order by a Producing Party of any document (or part thereof), the objecting Party shall consult with the Producing Party to attempt to resolve their differences. If the Parties are unable to reach an accord as to the proper designation of the material, the objecting Party may move the Court to remove the Confidential or Highly Confidential designation. In any such motion, the Producing Party claiming the right to designate information as protected as Confidential or Highly Confidential shall have the burden of establishing the grounds for the designation and treatment of information as entitled to protection in accordance with Rule 26 of the Federal Rules of Civil Procedure or other applicable law. Nothing provided in this Stipulation and Proposed Order shall create any presumption that any information is entitled to Confidential or Highly Confidential treatment, or any treatment that does not result in the public availability of the information or otherwise lessen the burden on the Producing Party to establish entitlement to protection from public availability under the Federal Rules of Civil Procedure or other applicable law. If a motion is made, any documents or other materials that have been designated Confidential or Highly Confidential shall be treated accordingly until such time as the Court rules that such material should not be so treated.

**Disclosure of Confidential and Highly Confidential Information**

16. Except with the prior written consent of the Producing Party requesting Confidential treatment, no document designated as Confidential and no information contained therein may be disclosed to any person other than the following:

   a) Any Party and any current or former officers, directors, partners or employees of any Party or an affiliate of any Party.

b) Counsel for any Party and any attorneys, paralegals, office clerks, secretaries, outside copying services and other personnel working under their supervision and assigned to perform duties in connection with the prosecution or defense of the Action. Such counsel will include both in-house legal staff and outside counsel in the case of a corporate party.

c) Any person who has authored, received or otherwise been provided access (in the ordinary course, outside the context of this litigation) to the Confidential Information.

d) Any consultants or experts retained by any counsel of record for any Party who agree to be bound by the terms of this Order by executing the undertaking attached as Exhibit A.

e) Any and all witnesses and their counsel during testimony (including depositions); *provided however*, that Confidential Information shall not be so disclosed unless the Party intending to use the Confidential Information with the witness determines in good faith that such disclosure is necessary for the purpose of the testimony.

f) Any other person whom a Party in good faith determines may be a potential witness at deposition or at trial, who agrees to be bound by the terms of this Order by executing the undertaking attached as Exhibit A.

g) Any other person whom counsel for the parties agree in writing should have access to such Confidential Information, who agrees to be bound by the terms of this Order by executing the undertaking attached as Exhibit A.

h) Any third-party mediator jointly selected by the Parties (including the Producing Party) to assist in a possible resolution of their disputes.

i) Deposition and trial court reporters.

j) The Court, court personnel, and jurors.

     k)    Any other person whom the Court directs should have access to the Confidential Information.

17.    Except with the prior written consent of the Producing Party requesting Highly Confidential treatment, no document designated as Highly Confidential and no information contained therein may be disclosed to any person other than the following:

     a)    Relator.

     b)    The United States.

     c)    Any Party's in-house or outside legal counsel who is a signatory hereto, as well as any other counsel of record for any Party in the Action.

     d)    Any person who has authored, received or otherwise been provided access (in the ordinary course, outside the context of this litigation) to the Highly Confidential Information.

     e)    Any consultants or experts retained by any counsel of record for any Party who agree to be bound by the terms of this Order by executing the undertaking attached as Exhibit A.

     f)    Any and all witnesses and their counsel during testimony (including depositions); *provided however*, that Highly Confidential Information shall not be so disclosed unless the Party intending to use the Highly Confidential Information with the witness determines in good faith that such disclosure is necessary for the purpose of the testimony; *and provided however*, that this paragraph 17(f) does not authorize any witness or its counsel to view Highly Confidential material in preparation for testimony as opposed during testimony itself; *and provided however*, that all copies of Highly Confidential material used during testimony shall be returned to the Producing Party upon the conclusion of the testimony during which it is used.

g) Any other person whom counsel for the parties agree in writing should have access to such Highly Confidential Information, who agrees to be bound by the terms of this Order by executing the undertaking attached as Exhibit A.

h) Any third-party mediator jointly selected by the Parties (including the Producing Party) to assist in a possible resolution of their disputes.

i) Deposition and trial court reporters.

j) The Court, court personnel, and jurors.

k) Any other person whom the Court directs should have access to the Highly Confidential Information.

18. Prior to the first disclosure of Confidential Information or Highly Confidential Information to any person or entity listed in paragraph 16 or 17 above (including those persons and entities *not* required to execute Exhibit A hereto), counsel for the disclosing Party shall deliver a copy of this Order to the person or entity to whom disclosure will be made and explain its terms to such person. Counsel for the Parties shall be responsible for maintaining a list of all persons to whom disclosure of Confidential Information or Highly Confidential Information is made subject to a requirement that Exhibit A be executed by the person, as well as copies of the undertakings signed by such persons. The names of persons who have signed the form attached as Exhibit A shall not be discoverable except upon a showing of good cause and by order of the Court. Every person given access to Confidential Information or Highly Confidential Information shall not make copies, duplicates, extracts, summaries or descriptions of such material, or any portion thereof, except for use in connection with the Action, and each such copy is to be treated in accordance with the provisions of this Stipulation and Order.

19. In the event a Party desires to disclose information designated as Confidential or Highly Confidential by a Producing Party to any person other than those categories of persons enumerated in paragraphs 16 and 17 above, counsel for the Party wishing to disclose the Confidential or Highly Confidential Information shall give at least three (3) business days' written notice to counsel for the Producing Party and all other Parties, together with identification of each document or deposition testimony to be disclosed and the identity (name, address, and occupation) of each person to whom such disclosure is intended. The Producing Party or the other Parties shall have three (3) business days thereafter in which to notify counsel seeking disclosure of any objection to such disclosure. In the event that the Producing Party or any other Party objects to the intended disclosure after notice, counsel shall endeavor to negotiate all objections to disclosure. In the event negotiations fail to resolve all objections, counsel for the Party wishing to disclose the Confidential or Highly Confidential Information may petition the Court, within ten (10) business days after providing written notice to counsel for all Parties and counsel for any relevant Producing Party that a Court order permitting disclosure of Confidential or Highly Confidential Information will be sought, for an order to allow such disclosure. Upon notification of intent to file such a petition, disclosure shall be prohibited unless and until such a requested order is granted by the Court.

20. Nothing herein shall impose any restrictions on the use or disclosure by a Party of any document, material or information legitimately obtained by such Party independently of the discovery proceedings in the Action. This Order shall not apply to any document, testimony or other information that: (i) is already in the Party's possession, or (ii) is or becomes generally available to the public other than as a result of disclosure in violation of this Order, or (iii) is or

becomes available to a Party other than through formal discovery in the Action or any other action involving any of the Parties.

21. Nothing herein shall restrict or preclude any Producing Party from disclosing its own Confidential Information or Highly Confidential Information to any person or entity without regard to the provisions of this Protective Order.

22. Nothing herein shall restrict or preclude any Party from responding to a subpoena or other request issued in another action or proceeding. However, upon receipt of a subpoena or other compulsory request for Confidential Information or Highly Confidential Information, the Party shall forward a copy of the subpoena or compulsory request to the Producing Party within five (5) business days of service and afford the Producing Party seven (7) business days after the receipt of such notice to contest the production of Confidential Information or Highly Confidential Information sought by the subpoena or other compulsory request. If the Producing Party fails to seek or obtain an appropriate order, the Party responding to the subpoena or other compulsory request will not be deemed in breach of this Order by producing Confidential Information or Highly Confidential Information sought by the subpoena or other request.

23. In the event that Confidential Information or Highly Confidential Information is produced pursuant to subpoena or compulsory process, such information shall continue to be treated as Confidential Information or Highly Confidential Information by all persons subject to this Stipulation and Order, unless and until the Court otherwise directs.

**Miscellaneous**

24. Entering into, agreeing to and/or producing Confidential Information or Highly Confidential Information pursuant to, or otherwise complying with, the terms of this Stipulation and Order shall not:

a) operate as an admission by any Party that any particular Confidential Information or Highly Confidential Information contains or reflects trade secrets or any other type of Confidential Information or Highly Confidential Information;

b) prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery, or operate as an admission by any Party that the terms and procedures set forth herein constitute adequate protection for any particular information deemed by any Party to be Confidential Information or Highly Confidential Information;

c) prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Stipulation and Order;

d) prejudice in any way the rights of a Party as to whether any Confidential Information or Highly Confidential Information should be subject to the terms of this Stipulation and Order; or

e) prejudice in any way the rights of a Party to petition the Court for a further protective order relating to any purportedly Confidential Information or Highly Confidential Information.

25. Neither the act of production of Confidential Information or Highly Confidential Information by a Party, nor the receipt of Confidential Information or Highly Confidential Information by a Party, shall be deemed to waive any testimonial or other privileges or protections that the Party producing such Confidential Information or Highly Confidential Information may otherwise have.

26. The inadvertent production of documents subject to the attorney-client privilege or the attorney work product doctrine, or any other ground on which production should not be made, will not waive such privileges or protections; provided, however, that this Order shall not prevent any Party from moving to compel production of allegedly privileged documents on any grounds. Upon a request from a Producing Party that has inadvertently produced any document that it believes may be subject to the attorney-client or attorney work-product privilege, or other protections, any Party receiving said document shall immediately return such document and any copies thereof to the Producing Party and shall be barred from using that material or any copies thereof, or any information derived therefrom in the Action or otherwise. Nothing herein, however, shall prevent the Party from moving, on reasonable notice, and on such grounds other than the inadvertent production of such material, for an order challenging the designation of such material as privileged or protected material, and may attach to the motion copies of the material in question; *provided however*, that any such motion shall be filed under seal in accordance with the Court's Scheduling Order and/or applicable local rules.

27. This Order may be amended only by the written agreement of counsel for the Parties and approval of the Court, or upon motion seeking relief from or modification of this Order from the Court. Nothing in this Protective Order shall be construed to prevent a Producing Party from seeking such further provisions regarding confidentiality as it deems appropriate, or to prevent any Party from seeking relief from this Stipulation and Order.

28. The Parties agree to be bound by the terms of this Stipulation and Order pending the entry of this Order, or an alternative thereto that is satisfactory to all Parties, by the Court, and any violation of its terms shall be subject to the same sanctions and penalties, as if this Order had been entered by the Court.

29. Nothing in this Stipulation and Order shall affect any privilege or right that any Producing Party might otherwise have against the discovery of any materials sought by any Party. Notwithstanding this Stipulation and Order, any Producing Party may move the Court for an order imposing additional restrictions upon discovery of documents or other material, including, but not limited to, an order that production thereof not be had.

30. Within sixty (60) days of the conclusion of the Action, including exhaustion of all appeals, all documents or other data designated as Confidential or Highly Confidential (including summaries and excerpts) and all copies thereof, in the possession of or under the control of any Party or officer or employee thereof, counsel retained by such Party, retained expert or other person described in paragraph 16 or 17 hereof, shall be destroyed promptly or returned to counsel for the Producing Party that designated the information as Confidential or Highly Confidential, unless otherwise specifically agreed in writing by the Producing Party. However, subject to the terms of this Order, the parties and their counsel may retain copies of briefs and other papers that contain or constitute such Confidential Information or Highly Confidential Information, including correspondence, deposition transcripts, trial exhibits of record and attorney's work product (excluding copies of any annexed materials that have been designated as Confidential Information or Highly Confidential Information). Any such briefs and other papers shall continue to be treated pursuant to the terms of this Order. Upon the request of counsel for the Producing Party, counsel signing this Stipulation and Order shall provide a letter affirming compliance with the requirements of this paragraph.

31. This Stipulation and Order shall be effective immediately and shall survive the conclusion of this Action, unless otherwise ordered by the Court. The Court shall retain jurisdiction to enforce the terms of this Stipulation and Order.

32. Any party covered by this Stipulation and Order may at any time apply to the Court for relief from any provision of this Stipulation and Order.

33. The Court may impose appropriate sanctions for the disclosure of Confidential Information or Highly Confidential Information in violation of this Protective Order.

34. This Stipulation and Order may be executed in counterparts. Each counterpart when so executed shall be deemed an original, and all shall constitute the same instrument.

**SO ORDERED.**

Dated: January 25, 2010

/s/ JFA
John F. Anderson
United States Magistrate Judge

/s/
Robert S. Lavet
Larry S. Gondelman
Power Pyles Sutter & Verville, P.C.
1501 M Street, NW, 7th Floor
Washington, DC 20005
Phone: 202-466-6550
Fax: 202-785-1756
rob.lavet@ppsv.com
*Counsel for Nelnet, Inc. and Brazos Higher Education Service Corporation*

/s/
Jody Manier Kris
Wilmer Cutler Pickering Hale & Dorr LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006
Phone: 202-663-6000
Fax: 202-663-6363
jody.kris@wilmerhale.com
*Counsel for Education Loans Inc./S.D.*

/s/
Warren Neil Eggleston
Scott N. Auby
Debevoise & Plimpton LLP
555 13th Street NW, Suite 1100E
Washington, DC 20004
Phone: 202-383-8000
Fax: 202-383-8118
wneggleston@debevoise.com
*Counsel for SLM Corporation and Southwest Student Services Corporation*

/s/
Timothy J. McEvoy
Cameron McEvoy, PLLC
11325 Random Hills Road, Suite 200
Fairfax, VA 22030
Phone: 703-273-8898
Fax: 703-273-8897
tmcevoy@cameronmcevoy.com
*Counsel for Panhandle Plains Higher Education Authority.*

    /s/
Bert W. Rein (admitted pro hac vice)
Michael L. Sturm (VSB #27533)
WILEY REIN LLP
1776 K Street, NW
Washington, DC 20006
Phone: 202-719-7000
Fax: 202-719-7049
brein@wileyrein.com
msturm@wileyrein.com

Christopher Mills (VSB #44358)
WILEY REIN LLP
7925 Jones Branch Drive, Suite 6200
McLean, VA 22102
Phone: 703-905-2800
Fax: 703-905-2820
cmills@wileyrein.com

R. Scott Oswald (VSB #41770)
David Scher (VSB #47634)
THE EMPLOYMENT LAW GROUP, P.C.
888 17th Street, N.W. Suite 900
Washington, D.C. 20006
Phone: 202-261-2806
Fax: 202-261-2835
soswald@employmentlawgroup.com
dscher@employmentlawgroup.com
*Counsel for Qui Tam Relator John H. Oberg*

    /s/
Dr. Jon H. Oberg

# EXHIBIT A

I hereby acknowledge that I will be receiving Confidential Information or Highly Confidential Information pursuant to the terms of a Stipulation and Order (the "Order") entered in the Action, entitled <u>U.S. ex rel. Oberg v. Nelnet Inc., et al.</u>, No. 1:07cv960 (CMH/JFA) (E.D. Va.). I have been given a copy of, and have read and understand, the Order, and I agree to be bound by the terms and conditions of the Order. I understand that (i) I am to make no copies of any such Confidential Information or Highly Confidential Information, except as is necessary for use in the referenced action, and (ii) such Confidential Information or Highly Confidential Information and any copies thereof are to remain in my personal custody until I have completed my assigned duties, whereupon they are to be returned to counsel who provided me with such Confidential Information or Highly Confidential Information or destroyed. I agree not to disseminate any information derived from such Confidential Information or Highly Confidential Information to anyone, or make disclosure of any such information, except for the purposes of the referenced proceedings, or as permitted by the Order, or by further order of the Court.

_____
Signature          Date

_____
Print Name