IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>ex rel. JON H. OBERG,<br><br>    Plaintiff,<br><br>v.<br><br>PENNSYLVANIA HIGHER EDUCATION<br>ASSISTANCE AGENCY<br><br>    Defendant. | Civil Action No. 1:07-cv-00960 |

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Defendant Pennsylvania Higher Education Assistance Agency's Motion for Judgment on the Pleadings, pursuant to Federal Rule of Civil Procedure 12(c).

In September 2007, Plaintiff, Dr. Jon Oberg ("Plaintiff"), as relator, brought a *qui tam* action on behalf of the United States against certain student loans corporations, alleging that they defrauded the Department of Education in violation of the False Claims Act("FCA"), 31 U.S.C. § 3729 *et seq*. After a series of rulings and appeals related to arm-of-the-state issues, this case returns to this Court with only one Defendant remaining—the Pennsylvania Higher Education Assistance Agency

("PHEAA" or "Defendant"). In the operative complaint,[1] Plaintiff alleges that Defendant violated the FCA by knowingly submitting fraudulent claims under the Federal Family Education Loan Program in order to obtain 9.5% special allowance payments ("SAP"). Specifically, Plaintiff alleges that Defendant used pre-October 1, 1993 tax-exempt bond proceeds to unlawfully make or buy additional loans that were guaranteed the minimum 9.5% yield. Plaintiff alleges that such activity was prohibited by the repeal of the 9.5% SAP in 1993 and by regulations put in place by the Department of Education to phase out the 9.5% SAPs.

In its Rule 12(c) motion, PHEAA argues that it is entitled to judgment on the pleadings because Plaintiff cannot establish any material misrepresentations by PHEAA under Universal Health Services, Inc. v. U.S. *ex rel.* Escobar, 136 S. Ct. 1989 (2016), a recent Supreme Court case that Defendant argues provides new and clear guidance regarding the FCA's materiality requirement. Defendant asserts that the *Escobar* Court held that misrepresentations are material under the FCA only if they would affect the government's decision about whether to pay the defendant's claims. If, on the other hand, the government had "actual knowledge that certain requirements were violated," but paid the defendant's claims in full anyway, "that is very strong

---

[1] The operative complaint is the Fourth Amended Complaint, filed August 31, 2012.

2

evidence that those requirements are not material." See Escobar, 136 S. Ct. at 2003. Defendant argues that in light of this, Plaintiff cannot meet the high threshold of materiality required under the FCA, and this Court should grant judgment on the pleadings.

Plaintiff, in contrast, argues that PHEAA's Rule 12(c) motion is a mislabeled motion for reconsideration of the Court's denial of earlier Rule 12(b)(6) and 9(b) motions by PHEAA and other prior defendants, and that *Escobar* did not result in a significant change in the law. Rather, Plaintiff states, *Escobar* principally endorsed the viability of implied certification claims, and the Supreme Court simply discussed the statutory requirement of materiality in addressing the implied certification theory. In short, Plaintiff maintains that PHEAA's false claims were material both pre- and post- *Escobar*. Because the Court agrees that PHEAA's motion asks for reconsideration, and because *Escobar* does not warrant reconsideration, PHEAA's motion is denied.

A party may move for judgment on the pleadings after the pleadings are closed, but early enough not to delay trial. FED. R. CIV. P. 12(c). A motion for judgment on the pleadings is subject to the plausibility standard governing motions to dismiss under Rule 12(b)(6). Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). Thus, to survive a Rule 12(c)

3

motion, a plaintiff's allegations must "advance the plaintiff's claim across the line from conceivable to plausible." Walters v. McMahen, 648 F.3d 435, 439 (4th Cir. 2012) (quoting Bell Atlantic v. Twombly, 550 U.S. 544 (2007)). In addition, a Rule 12(c) motion "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Edwards, 178 F.3d at 243-44. Rather, it tests the sufficiency of a complaint. Wynne v. I.C. System, Inc., 124 F. Supp. 3d 734, 741 (E.D. Va. 2015).

This Court already found that Plaintiff alleged the required elements of an FCA claim, and thus, PHEAA's motion is construed as a request for reconsideration. Earlier in this case, in October 2009, PHEAA filed a motion to dismiss the First Amended Complaint under Federal Rules of Civil Procedure 9(b) and 12(b)(6). In that motion, PHEAA argued that Plaintiff had failed to adequately allege the required elements of an FCA claim, and that Plaintiff had simply made broad, sweeping allegations. Although the Court dismissed the First Amended Complaint as to PHEAA upon concluding that PHEAA was a state agency and thus not a proper defendant, the Court also held that Plaintiff alleged sufficient allegations to state a claim on which recovery may be had. PHEAA correctly states that its motion to dismiss did not revolve around materiality, but this

4

does not change the Court's finding that Plaintiff's allegations sufficiently stated a claim to survive a Rule 12(b)(6) motion.

Given the Court's earlier conclusion that the elements of an FCA claim, including materiality, had been adequately pleaded by the Plaintiff, Defendant's instant Rule 12(c) motion asks the Court to reconsider its previous ruling. "Absent a significant change in the law or the facts since the original submission to the court," reconsideration is only appropriate where the court "has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Evans v. Trinity Indus., Inc., 148 F. Supp. 3d 542, 544 (E.D. Va. 2015); Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).

PHEAA argues that its motion is warranted because the United States Supreme Court offered new and clear guidance with respect to materiality in *Escobar*. The principal issue in *Escobar* was resolving a circuit split as to the validity of implied certification claims under the FCA. See 136 S. Ct. at 1998 ("We granted certiorari to resolve the disagreement among the Courts of Appeals over the validity and scope of the implied false certification theory of liability."). The Supreme Court held, first, that the implied false certification theory can be a basis for liability under the FCA in at least some

5

circumstances, and, second, that the FCA does not limit liability only to instances where a defendant fails to disclose the violation of a contractual, statutory, or regulatory provision that the government expressly designated a condition of payment. Escobar, 136 S. Ct. at 1999, 2001.

Noting that "a misrepresentation about compliance with a statutory, regulatory, or contractual requirement must be material to the Government's payment decision in order to be actionable under the [FCA]," the Supreme Court went on to clarify how the FCA's materiality requirement should be enforced. However, that clarification did not redefine the statutory definition of "material" under the FCA, which is, "having a natural tendency to influence, or be capable of influencing, the payment or receipt of money or property." 31 U.S.C. § 3729(b)(4); Escobar, 136 S. Ct. at 2002.

Rather, the Supreme Court explained that at its essence, materiality "looks to the effect on the likely or actual behavior of the recipient of the alleged misrepresentation," and it provided examples of material and immaterial falsity in cases brought under an implied false certification theory. See Escobar, 136 S. Ct. at 2002-04 (quoting 26 R. Lord, Williston on Contracts § 69:12, p. 549 (4th ed. 2003) (Williston)). Although the Court certainly provided guidance, this guidance did not constitute a departure from already-existing law.

Furthermore, *Escobar* revolved around the implied false certification theory, whereas Plaintiff maintains that this is an express certification case, given that PHEAA was required by regulation to represent that its claims for payment complied with the law. As a result, *Escobar* does not indicate a significant change in the law or the facts in the context of this case, and it does not merit reconsideration of this Court's ruling that Plaintiff stated a plausible claim.

For the foregoing reasons, Defendant's Motion for Judgment on the Pleadings is denied. An appropriate order shall issue.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
~~April~~ May 3, 2017