IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

UNITED STATES OF AMERICA )
ex rel., JON H. OBERG, )
)
Plaintiff, )
)
v. ) Civil Action No. 1:07-cv-960
)
NELNET, INC., ET AL., )
)
Defendants. )

## Memorandum Opinion

THIS MATTER comes before the Court on Defendant's Bill of Costs (Dkt. 981) and Motion to Strike (Dkt. 992).

Jon Oberg (Relator) brought this suit against Pennsylvania Higher Education Assistance Agency (Defendant) and numerous other student loan financing and related companies under the False Claims Act. Relator alleged that the defendants fraudulently claimed hundreds of millions of dollars in federal student-loan interest-subsidy payments from 2002 to 2006. Relator alleged that Defendant used pre-October 1, 1993 tax-exempt bond proceeds to unlawfully make or buy additional loans that were guaranteed the minimum 9.5% yield, which was prohibited by the 1993 repeal of the 9.5% Special Allowance Payments and regulations put in place by the Department of Education that were meant to phase out the Payments.

A jury found in favor of Defendant in December 2017 and the Fourth Circuit affirmed that verdict in January 2019. Defendant now seeks its Bill of Costs affirmed.

A prevailing party may recover costs, other than attorney's fees, under Fed. R. Civ. P. 54(d)(1); however, this rule does not give a district court "unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur in the conduct of his case." Farmer v. Arabian Am. Oil Co., 379 U.S. 227, 235 (1964). Instead, a court may tax only those costs authorized by statute. See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987). The statute for general taxation of costs, 28 U.S.C. § 1920, provides six categories of costs that may be taxed: (1) clerk and marshal fees, (2) printed or electronically recorded transcript fees, (3) printing and witness fees, (4) exemplification and copying fees, (5) docket fees under 28 U.S.C. § 1923, and (6) compensation of court appointed experts, interpreters, and special interpretation services. Within those categories, "the court has wide latitude to award costs." See, e.g., Francisco v. Verizon S., Inc., 272 F.R.D. 436, 441 (E.D. Va. 2011).

The prevailing party "bears the burden of showing that the requested costs are allowable under § 1920." Francisco, 272 F.R.D. at 441 (citing Cofield v. Crumpler, 179 F.R.D. 510, 514 (E.D. Va. 1998)). Once the prevailing party has met this burden,

2

the burden shifts to the non-prevailing party to identify any improprieties. Id. A court "must justify its decision [to deny costs] by 'articulating some good reason for doing so.'" Teague v. Bakker, 35 F.3d 978, 996 (4th Cir. 1994) (quoting Oak Hall Cap and Gown Co. v. Old Dominion Freight Line, Inc., 899 F.2d 291, 296 (4th Cir. 1990)).

Relator raises objections to nearly all of the costs sought. Relator challenges the amount of (1) pro hac vice fees; (2) costs for printing, scanning, and copying; (3) costs of witnesses; (4) costs and fees related to electronic discovery (ESI); and (5) deposition related costs. Each will be addressed seriatim.

To begin, Relator challenges the $675.00 of pro hac vice fees that Defendant incurred. The parties agree that pro hac vice fees are recoverable under the statute, 28 U.S.C. § 1920(1). See, e.g., Synergistic Intern., L.L.C. v. Korman, 2:05-cv-49, 2007 WL 517676 *2 (E.D. Va. Feb. 8, 2007). Relator, however, states that there were numerous motions to be admitted pro hac vice by attorneys that did not make actual appearances in court, in fact one of the attorneys that received admission never appeared in court or at a deposition. As a result, they believe that only the four attorneys that appeared during the merit phase of the case should have their costs reimbursed. Defendant responds by stating that while Defendant had nine

3

attorneys, Relator had eight, thus showing the complex nature of the case and the need for significant man-power. The Court finds that the entirety of the amount sought for pro hac vice fees is reasonable and will approve them.

Relator next challenges the costs for copying, scanning, and printing which Defendant claims was $39,544.10. Such costs are allowed under the statute. 28 U.S.C. § 1920(4). Relator argues that the invoices are not properly broken down to ensure that the salaries of those doing the copying are not included, see Taxation of Costs Guidelines at 4, and, that as some expenses were incurred during the pendency of appeals, they were not reasonably necessary at the time. The Court recognizes that the modern copying of electronic documents requires certain work to be performed that was not contemplated when Section 1920 was originally enacted. Thus, some portion of the fees for copying must include the technical work required to effectively produce the documents in order to appropriately compensate the prevailing party. Id.

Further, the Court notes that it is not possible for the Court to fully analyze whether costs for copying were reasonably necessary while an appeal was pending as there are numerous considerations that go into managing a case and the time and resources expended in litigation. Also, the copying was likely reasonably necessary for the case and thus the timing may only

4

have been delayed and the cost not eliminated. Therefore, the Court will not attempt to second guess the timing of copying or scanning as the case was ongoing even if on appeal. As neither of these challenges demonstrate impropriety in seeking costs for copying or printing fees, the Court will approve the $39,544.10 sought by Defendant.

The Relator then moves to challenge Defendant's request for $2,121.69 in witness related costs and fees. Such fees are generally taxable under the statute. 28 U.S.C. § 1920(3). Relator contends that the costs sought in this instance are exorbitant. Defendant does not vigorously argue the point and offered to reduce its request to $962.02 which accounts for the witness fees and uses the federal per diem rates for their travel related expenses. The Court finds this reduction reasonable and will approve $962.02 in witness related costs and fees.

The Court next turns its attention to Relator's challenge to Defendant's e-discovery (ESI) costs of $338,248.84 which it seeks under the category of copying and exemplification of documents necessary for the case, 28. U.S.C. § 1920(4). Relator raises two challenges to these costs: (1) that costs for hosting and processing ESI are not taxable costs and (2) that the costs were incurred while the case was on appeal due to Defendant's rejected contention that it was an "arm of the state."

5

Costs associated with "converting electronic files to non-editable formats, and burning the files onto discs" are taxable under Section 1920(4). Country Vintner of N. Carolina, LLC v. E. &J. Gallo Winery, Inc., 718 F.3d 249, 260 (4th Cir. 2013). This, however, does not extend to actions such as "flattening," "indexing," data extraction, hosting, Bates Stamping, or other ESI processing costs. Id. at 258-261. Here, Defendant has sought costs for "Discovery Services" which the invoices provided show to mean "Active Hosting," "Processing for Review," "User Access," and "Data Filtering" among other line items. These types of costs are clearly excluded from the realm of copying and exemplification by Country Vintner and many courts have so found. See, e.g., BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc., 234 F. Supp. 3d 760, 782 (E.D. Va. 2017) stating that holding of Country Vintner "does not extend to costs associated with ESI processing"); Amdocs (Isr.) Ltd. v. Openet Telecom, Inc., No. 1:10-cv-910, 2013 WL 1192947, at *7 (E.D. Va. Mar. 21, 2013) (denying costs for hosting fees and other ESI costs); Francisco, 272 F.R.D. at 446 (holding that costs for ESI processing are not taxable unless they involve direct copying of documents).

Defendant attempts to avoid the exclusion of these costs by arguing that Relator asked for the documents to be produced in a certain format, and that is why the costs were incurred. This argument fails. In Country Vintner, the Fourth Circuit recognized that parties were generally meant to bear their own costs in complying with discovery obligations. 718 F.3d at 261 (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 358 (1978)). This presumption is not disturbed by a stipulation of the parties, as a stipulation cannot make ESI costs "necessary" under Section 1920 unless they are copying costs.

As Defendant seeks ESI costs that are not taxable under Section 1920 and the stipulation does not remedy the issue, the Court will disallow all ESI costs sought by Defendant without consideration of the timeliness.

Finally, the Court takes up Relators challenge to Defendant's claim for $35,430.12 in deposition related expenses. Relator makes three contentions: (1) that a party may not recover costs for deposing their own witnesses, (2) that one of the deponents was deposed while Defendant was not a party to the case and appeared on neither party's trial witness list, and (3) the cost of videotaping depositions is not recoverable absent court order or stipulation, both absent in this case.

A party may recover the costs "when the taking of a deposition is reasonably necessary at the time of its taking." LaVay Corp. v. Dominion Federal Sav. & Loan Ass'n, 830 F.2d 522, 528 (4th Cir. 1987). "A deposition taken within the proper bounds of discovery, even if not used at trial, will normally be deemed to be necessarily obtained for use in the case." Cofield, 179 F.R.D. at 518 (internal quotations omitted). There has been no admonition from the Fourth Circuit to preclude parties from recovering the deposition costs of their own witnesses when they are reasonably necessary in preparing for trial. Here, Defendant argues that the deposition of its own witnesses was necessary for trial. These witnesses were either called at trial or were unavailable and their videotaped depositions were played at trial. Further, the costs of videotaping the depositions was reasonable at the time they were incurred and Defendant only seeks the costs for those played at trial. Defendant agrees with Relator that the costs of the deposition for the witness who was not on any witness list may be excluded. Thus, the Court will disallow $1,175.75 and approve $34,254.37 for deposition costs.

For the reasons mentioned, the Court concludes that Plaintiff is entitled to (1) $675.00 for pro hac vice fees paid to the clerk; (2) $39,544.10 in copying, printing, and scanning costs; (3) $962.02 in witness related fees and costs; and (4) $34,254.37 for deposition related costs and fees for a total of

8

$75,435.49. The Court further finds the Defendant's Motion to Strike is moot. An appropriate order shall issue.

                                             /s/ Claude M. Hilton
                                             CLAUDE M. HILTON
                                             UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
July 15, 2019