UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *ex rel.* JON H. OBERG, <br> <br> Plaintiff, <br> <br> v. <br> <br> NELNET, INC., *et al.*, <br> <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL NO. 1:07-CV-960-CMH-JFA <br> ) <br> ) <br> ) <br> ) |

**JOINT BRIEF IN OPPOSITION TO NON-PARTY MOTION
REQUESTING COPIES OF EXHIBITS FORMERLY UNDER SEAL**

Nelnet, Inc., Nelnet Education Loan Funding, Inc., Brazos Higher Education Authority, and Brazos Higher Education Service Corporation (collectively, "Opposing Defendants") respectfully request that this Court deny Mr. Camoin's request to unseal documents previously filed under seal in this matter. That request was made in a letter dated March 31, 2023 that Mr. Camoin, a non-party private individual, submitted to the Court and docketed as a Motion Requesting Copies of Exhibits Formerly Under Seal. (Docket No. 997).[1] On April 21, 2023, this Court granted an extension to allow all parties until May 5, 2023 to respond to Mr. Camoin's Motion Requesting Copies of Exhibits Formerly Under Seal. (Docket No. 999). On May 1, 2023, the Clerk entered a letter from Mr. Camoin into the Court's electronic filing system dated April 25, 2023. (Docket No. 1000). As the Opposing Defendants had not yet filed their

---

[1] When the undersigned counsel spoke to Mr. Camoin to obtain his agreement to Opposing Defendants' Motion for Extension of Time to Respond to his request, Mr. Camoin indicated that he had submitted an additional letter to the Court seeking the unsealing of additional documents. To date, no such letter has appeared on the Court's electronic filing system.

1

opposition, this letter appears to be improper. Despite this, Opposing Defendants will address the substance of this letter in this Opposition. This Joint Brief is timely pursuant to the Court's extension. (Docket No. 999).

I.     BACKGROUND

The documents at issue in the instant Motion Requesting Copies of Exhibits Formerly Under Seal were filed in connection with the Opposing Defendants' Motion for Summary Judgment in the underlying case.[2] At the time of filing their Motion for Summary Judgment, Opposing Defendants had filed a Joint Motion for Leave to File Documents Under Seal. (Docket No. 281). Neither the Plaintiff nor the United States opposed that motion. In response, this Court ordered on June 11, 2010 that the parties were temporarily granted leave to file under seal any exhibits to their memoranda in support of their motions for summary judgment that were designated as confidential under the terms of the protective order that had been entered in the case. (Docket No. 308). This Court ordered that any motion to maintain an exhibit under seal was to be filed by Friday, August 20, 2010, which date would occur **after** the scheduled hearing to consider the summary judgment motions and the scheduled trial date. Subsequent to the Court's June 11, 2010 Order and prior to the deadline to file a motion to maintain an exhibit under seal, the Court issued a stay in this matter on August 13, 2010 and ordered that "no pleadings shall be filed other than those related to the resolution of claims by the parties." (Docket No. 558). This stay was continued until further order of the Court on October 18, 2010. (Docket No. 564). Subsequent to the Court's extension of the stay and prior to the October 18 deadline, the claims against Nelnet and Brazos were dismissed with prejudice. (Docket No.

---

[2] Mr. Camoin is seeking documents that were produced by other defendants as well.

566); (Docket No. 567). The Order staying the filing of any pleadings thus remained in effect until after the Opposing Defendants were no longer parties to the litigation.

**II.     THE MOTION IS BASED UPON A MISTAKEN READING BY MOVANT OF THE PROCEDURAL POSTURE OF THE CASE AND A MISTAKEN UNDERSTANDING OF THE TERMS OF THE SETTLEMENT AGREEMENT.**

In his original letter/motion to the Court, Mr. Camoin put forth a single argument that he is entitled to access the sealed documents. His reasoning is that the Opposing Defendants did not file a motion to extend the seal as initially required by the Court's Order of June 11, 2010. (Docket No. 308). However, the Opposing Defendants were effectively precluded from filing such a motion as a result of the Stay Orders of the Court..

Mr. Camoin, in his April 25 letter, also cites to a book by Dan Moldea. (Docket No. 999). According to Mr. Camoin, the book contains a claim by the Plaintiff in the underlying action, Jon Oberg, that the settlement agreement that Oberg signed "would unseal all the exhibits including confidential and highly confidential information, unless the defendants made a motion." Mr. Camoin argues in his letter that "[t]his meant that if anyone wanted to see un-redacted exhibits, the court could release them. The defendants made no such motion to seal the exhibits permanently." (Docket No. 999).

This is not true. The settlement agreement that Mr. Oberg signed includes no such provision. *See* Settlement Agreement attached hereto as Exhibit A.[3]

Therefore, the two arguments put forth in Mr. Camoin's letters simply do not support the relief he is requesting. On this basis alone, the Motion Requesting Copies of Exhibits Formerly Under Seal must be denied.

---

[3] Exhibit A is the Settlement Agreement to which Brazos was a party, although other parties (including Nelnet) entered into settlement agreements with similar terms but varying amounts. After a diligent search, the undersigned were unable to locate a copy of the Brazos Settlement Agreement with every signature (one signature is not reflected on the attached) but we believe this is an accurate copy of the Settlement Agreement as executed.

3

### III. THE MOTION FAILS TO STATE A BASIS FOR A RIGHT TO ACCESS SEALED DOCUMENTS.

Notwithstanding the procedural arguments made herein, Mr. Camoin's efforts to gain access to sealed confidential documents cannot be properly addressed by this Court or the Opposing Defendants because Mr. Camoin has failed to state any basis upon which the Court should unseal the documents. In his letters to the Court, Mr. Camoin provided no rationale or basis for unsealing the documents beyond personal interest. (Docket Nos. 997; 1000).

Mr. Camoin must provide the Court and Opposing Defendants the basis on which he is challenging the sealed status of the documents. "Because the First Amendment and the common law provide different levels of protection, it is necessary for the district court to determine the source of the public's right to access before a claim may be evaluated." *Under Seal v. Under Seal,* 230 F.3d 1354 (4th Cir. 2000) (citing *Stone v. University of Maryland*, 855 F.2d 178, 180 (4th Cir.1988)). Mr. Camoin has provided no source of his or the general public's right to access the sealed documents beyond his own personal interest. As such, the Opposing Defendants cannot adequately address his request for access.

In considering a similar non-party request to review sealed documents in *Stephens v. Cnty. Of Albemarle*, the U.S. District Court for the Western District of Virginia found that "[w]hen a litigant moves for access to a document filed under seal, it is critical to establish which source is being invoked since the First Amendment and the common law provide rights of access different in scope and in strength." 422 F. Supp. 2d 640, 642 (W.D. Va. 2006) (citing *In re Baltimore Sun v. Goetz,* 886 F.2d 60, 64 (4th Cir.1989)). In the instant matter, the Opposing Defendants are unable to address or adequately tailor arguments in opposition to Mr. Camoin's request for access because he has failed to present any argument, First Amendment, common law, or otherwise, in support of his request to unseal the documentation.

### IV. THERE IS NO RIGHT OF PUBLIC ACCESS TO DOCUMENTS FILED UNDER SEAL WHEN THOSE DOCUMENTS WERE NOT UTILIZED BY THE COURT IN DECIDING DISPOSITIVE MOTIONS OR AT TRIAL.

Issues of confidentiality of discovery materials during the pre-trial stages of litigation are governed by protective orders jointly stipulated by parties and entered by courts pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. *See Level 3 Commc'ns, LLC v. Limelight Networks, Inc.*, 611 F. Supp. 2d 572, 585 (E.D. Va. 2009). There is a highly-developed body of case law recognizing the protected nature of discovery documents and materials filed with courts under seal in civil cases. *See Id.* at 576 (E.D. Va. 2009); *see also Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 252–53 (4th Cir.1988) ("[D]iscovery [subject to a protective order] […] stands on a wholly different footing than does a motion filed by a party seeking action by the court.").

In *Seattle Times v. Rhinehart*, the U.S. Supreme Court upheld the entry by the District Court of a protective order limiting disclosure of the products of pretrial discovery. *See* 467 U.S. 20, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984). The Fourth Circuit has held that "there may be instances in which discovery materials should be kept under seal **even after they are made part of a dispositive motion**." *Rushford*, 846 F.2d at 253 (4th Cir.1988) (emphasis added). District Courts evaluate whether "discovery materials should be kept under seal even after they are made part of a dispositive motion, [. . .] at the time it grants a summary judgment motion." *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 576-77 (4th Cir. 2004) (quoting *Rushford*, 846 F.2d at 253) (internal quotations omitted).[4]

---

[4] Opposing Defendants were unable to locate precedent matching the facts in the instant matter where the parties filed exhibits to a summary judgment motion that was never ruled on by the Court. In the cases cited herein, the courts ruled on the dispositive motions and considered whether the documents should be released to the parties. In the instant matter, the Court never ruled on the summary judgment motions filed by the Opposing Defendants.

In the instant matter, Mr. Camoin seeks documents filed as exhibits to summary judgment motions that were never ruled on by the Court and had no impact on the disposition of the claims. Furthermore, these documents were never introduced at trial or otherwise made public by the parties. The documents sought were produced and filed under seal and designated as Confidential or Highly Confidential in accordance with the Stipulation and Order Governing Confidential Information (Docket No. 178; 179) and the Court's order allowing the parties to file documents under temporary seal (Docket No. 308). No party has ever challenged the legitimacy of the designation of the documents at issue as Confidential or Highly Confidential – including Mr. Camoin. Notably, the Court granted temporary leave to file the documents under seal and set a date by which any party seeking to permanently seal the documents had to file a motion seeking permanent sealing of the exhibits. Presumptively, the Court made this schedule with the intention to protect the documents filed under seal as a part of the summary judgment motions **until after** the Court ruled on the motions.

When the Opposing Defendants filed exhibits containing confidential information, they did so with the understanding that this information would be protected, at least until they had the opportunity to demonstrate to the Court the importance of permanently protecting such information. The Opposing Defendants understood that the public would not have an interest in accessing those documents until the Court ruled on the summary judgment motions. *See Rushford*, 846 F.2d at 252–53. However, prior to the Court's determination on the summary judgment motions and accompanying exhibits, the Court stayed the proceedings and the stay remained in effect until and after the claims against Nelnet and Brazos were settled and dismissed with prejudice. (Docket No. 566); (Docket No. 567).

As discussed in *Virginia Dep't of State Police v. Washington Post*, the Court must evaluate the need to maintain the protected nature of the documents "at the time it grants a summary judgment motion." 386 F.3d 567, 576 (4th Cir. 2004). Instead, in the instant matter, the Court never granted or denied the summary judgment motions. Having not been part of a Court ruling on a dispositive motion, the documents have retained their protected status under the Court's order allowing filing under seal. The Court is under no obligation to unseal the requested documents nor to provide copies of such documents to the public for review because the documents had no impact on the disposition of the claims in this case. In essence, they are no different than the rather voluminous documents produced by the parties in discovery and protected under the Court's Order.

More than twelve years ago, this Court weighed the public's interest in accessing confidential materials filed in this case and the anticipated harm that could arise from disclosure thereof. Such filings included documents produced by both parties and non-parties to this matter, and contained, *inter alia*, commercially sensitive information related to the financial or business plans of the Opposing Defendants and sensitive non-public emails and documents produced by

non-parties.[5]   The Court concluded that allowing the parties to file exhibits under seal temporarily "would further the ends of due process by allowing those parties and non-parties asserting confidentiality over certain documents the opportunity to move the court to maintain the documents under seal, should they so desire." (Docket No. 308).  The Opposing Defendants filed exhibits containing confidential information with the understanding that this information would be protected, and that the parties would have the opportunity to demonstrate to the Court the importance of protecting such information if and when the Court ruled on the summary judgment motions.

Mr. Camoin has not represented to the Court specifically why he requests the sealed documents.  In his letter of April 25, 2023 he raises the specter of the demise of democracy due to the practices in the student loan industry.  However, the Opposing Defendants believe Mr. Camoin seeks the documentation for a commercial purpose to promote a public scandal about practices that were fully settled to the satisfaction of both the United States and Mr. Oberg.  Mr. Camoin is a documentary filmmaker with a record of producing films related to commercial lenders and servicers of student loans.  Mr. Camoin's works include a documentary titled "Sallie

---

[5] While the Opposing Defendants believe the arguments herein are equally applicable to documents filed under seal by all parties, to the extent the Court requires a list of documents produced only by Nelnet and/or Brazos, on information and belief, the following documents were produced by Nelnet and/or Brazos and have been located by counsel:
- Document 411: Exhibits 54, 55, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 72, 73, 74, 75, 76, 77, 80, 81, 82, 83, 84, 85, 86;
- Document 412: Exhibits 96, 97, 98, 100, 101, 102, 103, 104, 105, 106, 107, 114, 115, 117, 118, 122, 124, 125, 150, 151, 152, 155;
- Document 413: Exhibits 179, 180, 181, 185, 186, 188, 190, 192, 193, 195, 196, 197.

On information and belief, the undersigned have not been able to locate or review the following exhibits which may contain Nelnet and/or Brazos documents:
- Document 412: Exhibits 149, 153, 154;
- Document 413: Exhibit 182, 184, 187, 189, 191, 194, 198, 199, 200;
- Document 414: Attachment I, Part 2.

The Opposing Defendants have also been unable to determine whether requested documents produced by another party and marked Confidential or Highly Confidential were also produced by one or both of the Opposing Defendants such that it should be covered by this Joint Brief notwithstanding the exhibit version of the document bearing a different bates stamp.

8

Mae Not"[6] and a documentary forming the first part of a series entitled "Scared to Debt"[7] which focuses on business practices in the private education loan industry including named parties dismissed with prejudice from this matter.

For more than a decade, the exhibits filed under seal have remained sealed and the confidential information therein has remained protected. The parties have never had an opportunity to file a motion to permanently seal the exhibits and, had the parties had such an opportunity, the parties certainly would have done so to ensure the continued protection of these documents.[8] Based on the fact that the Court never ruled on the dispositive motion with which these documents were filed, the public's right of access is non-existent.

## IV.  CONCLUSION

In 2010, this Court held that the interests of the parties were best served through settlement and dismissed the case with prejudice. The Court was certainly aware that documents had been filed under seal temporarily and that the Court had issued a stay that precluded the Opposing Defendants from moving to permanently seal the documents. For the forgoing reasons, Nelnet and Brazos respectfully request that this Court deny the Motion Requesting Copies of Exhibits Formerly Under Seal and continue to protect the confidential documents produced during discovery over twelve years ago and never considered by this Court.

*Signature on Next Page*

---

[6] *See* Film Festival Flix; "Sallie Mae Not", https://filmfestivalflix.com/film/sallie-mae-not/ (accessed May 5, 2023); FilmFreeway, "Sallie Mae Not: Exposing America's Student Loan Scam", https://filmfreeway.com/SallieMaeNot (accessed May 5, 2023).
[7] *See* "Scared to Debt", https://scaredtodebtseries.com/ (accessed May 5, 2023).
[8] If the Court does not agree with the arguments in this Joint Brief and believes Mr. Camoin has stated a basis for access to the sealed materials, the Opposing Defendants request leave to file a motion to permanently seal their documents. This is obviously not the preferred approach of the Opposing Defendants given the undue burden inherent to a document-specific analysis. Nor would this be a fruitful use of the Court's resources.

Dated: May 5, 2023

Respectfully submitted,

\_\_\_/s/_____
Sean T. Beller (Va. Bar No. 72725)
Larry S. Gondelman
Powers Pyles Sutter & Verville PC 1501 M Street NW, 7th Floor Washington, DC 20005
Phone: 202-466-6550
Fax: 202-785-1756
Sean.Beller@PowersLaw.com

*Counsel for Nelnet, Inc. and Brazos Higher Education Service Corporation*

# CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of May 2023, this Joint Brief in Opposition to Non-Party Motion Requesting Copies of Exhibits Formerly Under Seal were electronically filed with the Clerk of Court using the CM/ECF system. On information and belief, some of these parties may no longer be represented by the counsel on record or be otherwise unavailable at the contact information listed below.  However, we are unable to determine the status of the representation and are attempting service on the most recently available counsel of record for each party.  The electronic filing prompted a notification of such filing (NEF) to the following:

Michael L. Sturm
Wiley Rein LLP
1776 K Street, NW
Washington, D.C. 20006
(202) 719-7000
(202) 719-7049 (facsimile)
msturm@wileyrein.com
*Counsel for Qui Tam Relator Jon H. Oberg*

Christopher M. Mills
Wiley Rein LLP
7925 Jones Branch Drive Suite 6200
McLean, VA 22102
(703) 905-2800
(703) 905-2820 (facsimile)
cmills@wileyrein.com
*Counsel for Qui Tam Relator Jon H. Oberg*

R. Scott Oswald
The Employment Law Group, P.C.
888 17th Street, NW, Suite 900
Washington, D.C. 20006
(202) 261-2806
(202) 261-2835 (facsimile)
soswald@employmentlawgroup.com
*Counsel for Qui Tam Relator Jon H. Oberg*

Gerard J. Mene
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
(703) 299-3700
(703) 299-3983 (facsimile)
gerard.mene@usdoj.gov
*Attorney for the United States of America*

Nathaniel Thomas Connally, III
Hogan & Hartson LLP (VA)
7930 Jones Branch Drive McLean, VA 22102-3302
(703) 610-6100
(703) 610-6200 (facsimile)
ntconnally@hhlaw.com
*Counsel for Arkansas Student Loan Authority*

David Michael Kopstein
Kopstein & Perilman
8633 Cross Chase Court
Fairfax Station, VA 22039
(301) 552-3330
dkopstein@cox.net
*Counsel for Brazos Higher Education Service Corporation and Nelnet, Inc.*

1

W. Neil Eggleston
Debevoise & Plimpton LLP
555 Thirteenth Street, NW, Suite 1100E
Washington, D.C. 20004
Phone: (202) 383-8140
wneggleston@debevoise.com
*Counsel for SLM Corporation and Southwest Student Services Corporation*

Thomas L. Appler
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
8444 Westpark Drive, Suite 510
McLean, VA 22102
(703) 245-9300
(703) 245-9301 (facsimile)
thomas.appler@wilsonelser.com
*Counsel for Kentucky Higher Education Student Loan Corporation*

John Stone West
Troutman Sanders LLP
1001 Haxall Point
Richmond, VA 23219
(804) 697-1269
(804) 698-5138 (facsimile)
john.west@troutmansanders.com
*Counsel for Vermont Student Assistance Corporation*

Heather Austin Jones
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
8444 Westpark Drive, Suite 510
McLean, VA 22102
(703) 245-9300
(703) 245-9301 (facsimile)
heather.jones@wilsonelser.com
*Counsel for Kentucky Higher Education Student Loan Corporation*

Timothy J. McEvoy
Cameron McEvoy, PLLC
11325 Random Hills Road, Suite 200
Fairfax, VA 22030
(703) 273-8898
(703) 273-8897 (facsimile)
tmcevoy@cameronmcevoy.com
*Counsel for Panhandle Plains Higher Education Authority*

Jill Marie Dennis
Hunton & Williams
1751 Pinnacle Drive, Suite 1700
McLean, VA 22102
(703) 714-7400
jmdennis@hunton.com
*Counsel for Pennsylvania Higher Education Assistance Agency*

Mark E. Nagle
Troutman Sanders LLP
401 9th Street NW, Suite 1000
Washington, D.C. 20004
(202) 274-2972
(202) 654-5666 (facsimile)
mark.nagle@troutmansanders.com
*Counsel for Vermont Student Assistance Corporation*

Megan Conway Rahman
Troutman Sanders LLP
1001 Haxall Point
P.O. Box 1122
Richmond, VA 23218-1122
(804) 697-1200
megan.rahman@troutmansanders.com
*Counsel for Vermont Student Assistance Corporation*

Tameka Meshaun Collier
Troutman Sanders LLP
401 9th Street NW, Suite 1000
Washington, D.C. 20004
(202) 274-2950
(202) 274-2994 (facsimile)
tameka.collier@troutmansanders.com
*Counsel for Vermont Student Assistance Corporation*

Warren Neil Eggleston (Va. Bar No. 18367)
Debevoise & Plimpton LLP
555 13th Street NW, Suite 1100E
Washington, DC 20004
Telephone: (202) 383-8000
Facsimile: (202) 383-8118
wneggleston@debevoise.com
*Counsel for SLM Corp. and Southwest Student Services Corp*

Don Bradford Hardin, Jr. (Va. Bar No. 76812)
Jody Manier Kris (pro hac vice)
Christopher E. Babbitt (pro hac vice)
Matthew T. Jones (pro hac vice)
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Ave., N.W.
Washington, D.C. 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363
Bradford.Hardin@WilmerHale.com
*Counsel for Education Loans Inc. and Student Loan Finance Corp.*

    I hereby certify that I caused the foregoing documents to be mailed by U.S. mail to the following non-filing users:

Jay Majors, Esq.
U.S. Department of Justice, Civil Division
P.O. Box 261
Ben Franklin Station
Washington, D.C. 20044

Michael Camoin
39 Clifton Way
Slingerlands, NY 12159
518.441.5300

    /s/
Sean T. Beller (Va. Bar No. 72725)
Larry S. Gondelman
Powers Pyles Sutter & Verville PC 1501 M Street NW, 7th Floor Washington, DC 20005
Phone: 202-466-6550
Fax: 202-785-1756
Sean.Beller@PowersLaw.com

*Counsel for Nelnet, Inc. and Brazos Higher Education Service Corporation*

3