Michael J. Camoin
39 Clifton Way
Slingerlands, NY 12159
518.441.5300



Honorable Judge Anderson
401 Courthouse Square
Alexandria, VA 22314

May 12, 2023

Dear Honorable Judge Anderson,

I am responding to the Joint Brief in Opposition to the Non-Party Motion Requesting Copies of Exhibits Formerly Sealed pertaining to case 1:07-cv-00960-CMH-JFA, received yesterday, May 11, 2023. As the defendants noted, I am not an attorney licensed in any state, let alone Virginia, nor do I have the resources to respond immediately, however, I seek from the Court to uphold the right of the public to discern for itself a clearer understanding of its own government's involvement in higher education, and in the above case, wrong doing. Therefore, I am requesting 20 days to respond more fully with proper legal advisement to their Joint Opposition. While waiting your decision, please allow me to respond briefly here:

First, I do not believe I misread the conclusions in your court, Judge. The case was resolved in 2010, thus, thirteen years ago, the Defendants were under a strict duty to respond to the Court's order that "any motion to maintain an exhibit under seal was to be filed by Friday, August 20, 2010 . . . ." (See Defendants' Joint Brief in Opposition to Non-Party <u>Requesting Copies of Exhibits Formerly Under Seal</u> p. 2.

They further argue that a stay in that case precluded filing any motion or pleading to maintain an exhibit under seal because the Court in effect was considering summary judgment. According to the Defendants' Joint Brief, the Court ordered that "no pleadings shall be filed other than than those related to the resolution of the claims by the parties." They maintain that the preclusion "thus remained in effect until after the Opposing Defendant were no longer parties to the litigation. (Joint Brief p. 3). All this happened in 2010.

The Opposing Defendants did nothing to maintain the exhibits under seal for the next thirteen (13) years. The Opposing Defendants were in no way prevented from filing a motion to maintain an exhibit under seal once they were no longer parties to the litigation as they put it. Yet, they have done nothing, filed no pleading and taken no action to place these public documents under permanent seal as they were required to do in 2010.

In other words, the Opposing Parties have taken no action and filed no motion or pleading to maintain the documents at issue under seal at any time within the ensuing thirteen years.

They have sat on their right and rights to ask the Court to keep those public court controlled documents secret. Whether the proper legal term is that they are now barred, preclude or estopped from asking these documents be destroyed or sealed and hidden from view, I am requesting 20 days to discern.

After an inexcusable and outrageously long delay, misuse of these proceedings to insist that the Court, 13 years too late, conceal and seal these now public court records from public view is against Justice and Good Public Policy to allow defendants to hide and seal public records after failing to take action for the past thirteen years.

Finally, the Opposing Defendants have no right or legal standing to oppose my request for unredacted copies of these exhibits. It's my understanding that transparency trumps secrecy in the case of public court documents and its the Court's duty to add sunlight on wrongdoing, particularly where its own government were involved! All of this to benefit the public good.

If required, please allow 20 days for me to gain proper affordable legal counsel to further uphold the right of the public to discern for itself a clearer understanding of its own government's involvement in higher education and its policy.

Thank you for your consideration.

Respectfully,

*Michael J. Camoin*

Michael J. Camoin

pro se